OPINION
Appellant Diane Riehl appeals a judgment of the Stark County Common Pleas Court finding her to be a sexual predator:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING HER TO BE A SEXUAL PREDATOR PURSUANT TO O.R.C. SECTION 2950 WHEN THE EVIDENCE WAS NOT CLEAR AND CONVINCING THAT SHE WAS "LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 ASSIGNMENT OF ERROR NO. 2 THE DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL, IN VIOLATION OF HER SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO COUNSEL, FAILED TO ARGUE OR PRESENT ANY DEFENSE DURING THE SEXUAL OFFENDER CLASSIFICATION HEARING.
In 1999, appellant was indicted with one count of statutory rape and one count of gross sexual imposition. The indictment charged appellant with sexually abusing her son as a continuous course of criminal conduct over a two-year period, while her son was between the ages of five and seven. The abuse included fellatio, cunnilingus and intercourse.
Prior to trial, the Stark County Common Pleas Court ordered both competence and insanity evaluations of appellant. When the evaluations were completed, appellant changed her plea to guilty to the indictment. The court ordered a pre-sentence investigation, and scheduled a sentencing hearing, as well as a classification hearing pursuant to R.C.2950.09.
Appellant was sentenced to a term of nine years of incarceration on the charge of rape, and a consecutive four-year term on the charge of gross sexual imposition. Following the classification hearing, the court classified appellant as a sexual predator. The court later modified the sentences to run concurrently to each other. Appellant appeals solely from the trial court's classification of her as a sexual predator.
 I
Appellant argues in her first assignment of error that the court's finding that she is a sexual predator is not supported by clear and convincing evidence. Specifically, appellant attacks the lack of evidence to support the conclusion that she is likely to reoffend.
A sexual predator is defined as a person who has been convicted of or pleaded guilty to a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01 (E). The State has the burden of proving by clear and convincing evidence that the convicted offender qualifies as a sexual predator under this definition. In determining whether an offender is a sexual predator, the court shall consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)
In the instant case, the court specifically stated its findings on the record during the classification hearing pursuant to these statutory factors. The court stated that in preparation for the sentencing and classification hearings, it reviewed the record, appellant's oral statements to the police, the victim impact statement, the pre-sentence investigation report, and the competency evaluation. The court found appellant's age was 25 to 27 during the period of abuse, while the victim's age was 5 to 7. The court found that while the competency and sanity evaluations found that appellant was mildly retarded, she knew the nature of her conduct, and understood that her conduct was wrong and inappropriate. The abuse was a pattern, taking place for over two years. Appellant was the victim's mother, and abused this position of trust in sexually molesting her young son. The nature of the abuse included touching, kissing, oral sex, and intercourse. Based on all of these factors, the court did not err in concluding that the State proved by clear and convincing evidence that appellant is a sexual predator within the statutory definition.
The first assignment of error is overruled.
 II
Appellant argues that her counsel was ineffective at the classification hearing, as he failed to present any evidence to mitigate the evidence presented by the State.
To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance fell below a reasonable standard of representation, and that such performance prejudiced the defense such as to deprive the defendant of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136,cert. denied (1990), 497 U.S. 1011. To demonstrate prejudice, the defendant must show there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.
Appellant fails to identify any specific evidence counsel failed to present, and fails to identify how such evidence would have changed the outcome of the hearing. Appellant has failed to demonstrate prejudice.
The second assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J., Hon. John W. Wise, J. and Hon. John F. Boggins, J. concur.